# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| **DAVID ERLANDSON, on behalf of himself and others similarly situated,** ) ) ) | |
| **Plaintiff,** ) ) ) | Civil Action No. 1:16-cv-00315-MW-GRJ |
| v. ) ) | |
| **DOLGENCORP, LLC,** ) ) | |
| **Defendant.** ) | |

### DECLARATION OF LYNNE POOLE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION

I, Lynne Poole, hereby declare and state as follows:

1. I am employed by Dollar General Corporation ("Dollar General") as a Human Resources Shared Services ("HRSS") Supervisor and have held this position since January 15, 2007. I have personal knowledge of the facts set forth herein and declare they are true and correct.

2. In my role as HRSS Supervisor, I am familiar with Dollar General's "Express Hiring" system, the procedures for distributing the Dollar General Employee Arbitration Agreement ("Agreement") to employees, and have access to Dollar General's employee personnel records, including their electronically-signed Agreements. I have reviewed David Erlandson's ("Plaintiff") personnel records, including his executed Agreement.

3. Based on the records I have reviewed, Plaintiff was employed by Defendant from October 22, 2014 to April 18, 2016. On October 11, 2014, Plaintiff accepted the Agreement

through the online Express Hiring System. A true and correct copy of Plaintiff's Agreement as it is maintained electronically is attached hereto as Exhibit 1.

4. In order to access the Agreement through the Express Hiring system, Dollar General candidates, including Plaintiff, must enter their unique login identification number, which is their social security number with no dashes or spaces, and their password, which is the month and day of their birth ("MMDD"). The candidate must then immediately create a unique password containing up to sixteen (16) numbers. The candidate must then provide their telephone number and e-mail address, and must set up six (6) security questions and answers to be used if a password reset is requested. Once logged into Express Hiring, Dollar General candidates are presented with new-hire documents which include the Agreement. The candidate can agree to or opt out of the Agreement. Instructions on how to do this are displayed for the candidate. Candidates are advised that if they take no action within thirty (30) days of the initial notice, they are assumed to have agreed to the Agreement. The Agreement is thereafter available for review during employment on DGme, Dollar General's secure online employee portal, by searching for "Arbitration Agreement" in the search box on the main page of the DGme portal.

5. According to company records, Plaintiff logged on to the Express Hiring system using his unique login identification number and password on October 11, 2014. Per company policy, no other candidate or employee has access to Plaintiff's unique login ID and password. While Plaintiff was logged in, he selected the option stating that he agreed to the terms of the Agreement. Plaintiff thereafter affixed his electronic signature on October 11, 2014. According to company records, Plaintiff did not exercise his opportunity to opt out by submitting an opt-out form within 30 days of accessing the Agreement.

83329601

6. I hereby declare under penalty of perjury that the foregoing information is true and correct within my personal knowledge.

Executed on this 17th day of October, at Goodlettsville, Tennessee.

_____
LYNNE POOLE

83329601

# EXHIBIT 1

## Arbitration Agreement

Dollar General Employee Arbitration Agreement

Please read this entire document carefully. This is an important document that concerns legal rights, so please take your time and consult with an attorney if necessary.

Dollar General (which includes direct and indirect subsidiaries of Dollar General Corporation), has a process for resolving employment related legal disputes with employees that involves binding arbitration. This Dollar General Employee Arbitration Agreement ("Agreement") describes that process and constitutes a <u>mutually binding</u> agreement between you and Dollar General, subject to opt out rights described at the end of this Agreement.

You agree that, with the exception of certain excluded claims described below, any legal claims or disputes that you may have against Dollar General, its parent and subsidiary corporations, employees, officers and directors arising out of your employment with Dollar General or termination of employment with Dollar General ("Covered Claim" or "Covered Claims") will be addressed in the manner described in this Agreement. You also understand that any Covered Claims that Dollar General may have against you related to your employment will be addressed in the manner described in this Agreement.

<u>Class and Collective Action Waiver:</u>You and Dollar General may not assert any class action, collective action, or representative action claims in any arbitration pursuant to this Agreement or in any other forum. You and Dollar General may bring individual claims or multi-plaintiff claims joining together not more than three plaintiffs, provided that the claims are not asserted as a class, collective or representative action. Non-representative, multi-plaintiff arbitrations (up to the three-plaintiff limit) may only be filed if each of the plaintiff's claims: (1) arises out of the same transaction, occurrence, or series of transactions or occurrences; (2) arises out of the same work location; and (3) presents a common question of law or fact. A challenge to a multi-plaintiff action can be initiated by any party by filing a motion to dismiss or sever one or more parties. The arbitrator shall rule upon the motion to dismiss or sever based upon the standards set forth in this Paragraph. NOTE: This waiver does not apply to claims under the National Labor Relations Act.

### About Arbitration

Arbitration is a process by which a neutral professional called an arbitrator hears evidence and argument from both sides to a dispute and makes a final, binding decision. There is no judge or jury in arbitration; the arbitrator chosen by the parties makes the final decision on any Covered Claim and decides whether to award you or Dollar General any relief.

### How to Begin the Arbitration Process Under this Agreement

When you first become aware that you have a Covered Claim, you must file a written notice of your intent to arbitrate ("Demand") with the American Arbitration Association ("AAA"), a third party dispute resolution organization that administers arbitrations under this Agreement. The Demand must be filed within either (1) the period of the statute of limitations applicable to your Covered Claim, or (2) ninety (90) days after the date a local, state or federal administrative agency issues a notice of a right to sue on your Covered Claim (provided the Covered Claim was filed with such agency within the period required under the law). Any Covered Claim that requires exhaustion of remedies with an administrative agency (such as a discrimination claim requiring filing with the EEOC) may not be filed as a Demand until after the administrative remedies have been exhausted and a notice of right to sue has been issued. Any dispute over the timeliness of the Demand will be referred to the arbitrator for a binding decision.

You have two options for filing your Demand with AAA. The first option is to file online at http://www.adr.org. under AAA's WebFile system. The second option is to file a written notice of your Demand with any AAA office. A list of office locations can be found at http://www.adr.org. or by calling AAA at 1-877-495-4185. If you have any questions or need any assistance filing your Covered Claim, you may also contact AAA at the phone number above.

The Demand must set forth the names, addresses, and telephone numbers of the parties; a brief statement of the nature of the Covered Claim; the amount of money at issue, if any; the remedy sought; and requested hearing location. The Demand must state a legal claim pursuant to a state or federal statute or state or federal common law. The arbitrator will decide any disputes over whether a legal claim has been stated.

At the time you file your Demand, you will be required to pay AAA's filing fee for employees, which is currently $200. To the extent AAA increases the filing fee after this Agreement becomes effective, your portion of the fee will be capped at $200. Dollar General will pay the employer filing fee, AAA administrative costs and fees, the arbitrator's costs and fees, and any employee filing fees that exceed $200.

Notwithstanding the above procedures, you and Dollar General may mutually agree to use another arbitration service of the parties' choosing.

### Rules and Procedures

By agreeing to participate in binding arbitration, you and Dollar General acknowledge and agree to the following:

- This Agreement is governed by the Federal Arbitration Act.
- All arbitrations covered by this Agreement will be conducted in accordance with the terms set forth in this Agreement and the Employment Arbitration Rules of AAA (the "Rules"), except as superseded by the terms of this Agreement. A copy of the current set of Rules is linked below and can be printed. If you lose your copy of the Rules, you may obtain a copy of the Rules by viewing them online at http://www.adr.org., or you may request a copy in writing to the Dollar General Legal Department, 100 Mission Ridge, Goodlettsville, Tennessee 37072. Where the terms of this Agreement and the Rules conflict, the terms of this Agreement will control.
- The arbitrator will be chosen by the parties from a roster of AAA arbitrators pursuant to the Rules.
- The procedures in this Agreement will be the exclusive means of resolving Covered Claims relating to or arising out of your employment or termination of employment with Dollar General, whether brought by you or Dollar General. This includes, but is not limited to, claims alleging violations of wage and hour laws, state and federal laws prohibiting discrimination, harassment, and retaliation, claims for defamation or violation of confidentiality obligations, claims for wrongful termination, tort claims, and claims alleging violation of any other state or federal laws, except claims that are prohibited by law from being

- decided in arbitration, and those claims specifically excluded in the paragraph below.
- Covered Claims do not include claims for unemployment insurance benefits, workers' compensation benefits[workers' compensation discrimination and retaliation claims are Covered Claims], whistleblower claims under the Sarbanes-Oxley Act, and claims for benefits under the Employee Retirement Income Security Act. Covered Claims also do not include claims pending in court as of the date this Agreement is signed by you, and claims concerning the scope or enforceability of this Agreement.
- You retain the right to file charges with the Equal Employment Opportunity Commission, any state or local agency or commission enforcing state or local employment discrimination and retaliation laws, the National Labor Relations Board, the United States Department of Labor, and any state agency enforcing state wage and hour laws.
- You expressly waive your right to file a lawsuit in court against Dollar General asserting any Covered Claims. You also waive your right to a jury trial. Dollar General waives its right to file a lawsuit for any Covered Claims it may have against you, and Dollar General waives its right to a jury trial. Dollar General will not retaliate against you if you challenge the validity or enforceability of this Agreement, whether on a concerted basis or individually.
- You and Dollar General both have the right to be represented by a lawyer at all stages of this process, but each party will be responsible for its own attorneys' fees and associated costs. The arbitrator may award attorneys' fees and/or costs to the prevailing party if authorized by the applicable contract, statute or law under which the Claim is brought.
- Written discovery in arbitrations under this Agreement shall not exceed 25 interrogatories, 25 requests for production, and 25 requests for admission per party. Oral discovery shall not exceed 5 depositions per party. The scope of discovery may be modified by mutual agreement of the parties or at the discretion of the arbitrator. The parties shall first attempt to resolve any discovery disputes by mutual agreement. If a discovery dispute cannot be resolved through mutual agreement of the parties, the dispute will be resolved by the arbitrator in a telephone conference call between the parties.
- At the conclusion of the discovery period, either party has the option to file a motion for summary judgment to be decided by the arbitrator prior to any hearing.
- Unless the parties agree otherwise, all arbitrations will be presided over by a single arbitrator.
- The total time period from the filing of the Demand to the arbitration hearing (if there is one), shall not exceed one year. The arbitration hearing shall not exceed five days. The parties may mutually agree to extend or shorten the time frames in this paragraph for any individual arbitration. If one party requests to extend or shorten a time frame in this paragraph, and the other party opposes the request, the arbitrator shall decide whether to extend or shorten the time frame as requested.
- The arbitrator will make a final decision on your Covered Claim that will be binding on you and Dollar General. Each party will have a right to ask the arbitrator to issue a written decision explaining his/her findings of fact and conclusions of law upon which the decision rests.
- The types of relief available in the arbitration will include all relief that would be available to you in a court pursuant to the applicable statute or law under which you bring your Covered Claim.
- Unless otherwise agreed to by both parties, the arbitration will take place in the county in which you were last employed by Dollar General.
- be affected by that decision, and any invalid, illegal or unenforceable provisions shall be modified or stricken.
- Nothing in this Agreement is intended to change the at-will nature of your employment with Dollar General or create a contract of employment for a specific period of time.
- Opt out: You have the opportunity to opt out of this Agreement, meaning that you will not be bound by its terms. If you opt out, Dollar General will not be bound by the terms of this Agreement either. To opt out, you must expressly notify Dollar General of your intention to opt out by filling out and submitting electronically the "Arbitration Opt Out Form" linked on DGme, Dollar General's employee self-service portal, within 30 days of the start of your employment with Dollar General. You will be given instructions on how to access DGme at the beginning of your employment, and access instructions are also linked below. If you do not expressly opt out of this Agreement by providing notice to Dollar General as described above within 30 days of starting your employment, you will be bound by the terms of this Agreement if you continue to work for Dollar General after the first 30 days of your employment. Dollar General will not retaliate against you if you choose to opt out of this Agreement.

Click here to view and/or print AAA Rules

Click here to view and/or print DGme Access Instructions

Click here to print the Employee Arbitration Screen

---

**NAME:** David Erlandson      **SSN:** XXX-XX-8300

- [✓] I agree to the terms of the Agreement. I understand and acknowledge that by checking this box, both Dollar General and I will be bound by the terms of this Agreement.
- [ ] I would like to take up to 30 days after the start of my employment with Dollar General to review and consider this Agreement. I understand that if I do not expressly opt out within 30 days of the start of my employment using the process described above, I will be bound by the terms of this Agreement and that Dollar General will also be bound by the terms of this Agreement.

---

By initialing the box below I certify that the above information is true and correct, and I agree to the conditions of hiring.

**Your Initials:** DE                                                                                            **Date:** 10/11/2014

8/4/14